CASE 9—MOTION TO DISMISS APPEAL BECAUSE TRANSCRIPT NOT FILED·
IN TIME—CONTROVERSY OVER A FERRY PRIVILEGE—NOV. 27.

# Connolly and Others v. Davis.

### APPEAL FROM PIKE CIRCUIT COURT.

APPEAL FILED BY CONNOLLY AND OTHERS—MOTION TO DISMISS APPEAL
DENIED.

APPEAL AND ERROR—SPECIAL STATUTE REGULATING APPEALS IN FERRY
CASES—FAILURE TO FILE TRANSCRIPT IN ·TIME.

Held:   Under Kentucky Statutes, sec. 1801, providing that an appeal
from any order concerning a ferry or ferry rates shall "be
taken at the time of making the order or during the term,
and prosecuted to the circuit court within three years from
the making of the order, and to the court of appeals within one
year from the making of the order in the circuit court," an ap-
peal from the circuit court must be granted during the term
at which the order is made in that court, and the transcript
may be filed in the ·office of the· clerk of the court of appeals
at any time within one year from the making of the order; the
provision of the Civil Code of Practice requiring transcript to·
be filed at least twenty days before the second term after the·
granting of the appeal, ·having no application in ferry cases.

J. M. ROBERSON, JAS. GOBLE ·AND HAZELRIGG & CHENAULT
FOR APPELLANTS.

T. L. EDELEN AND .EDWARD W. HINES FOR APPELLEES.

(No briefs on the question decided in this opinion.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—OVERRULING·
MOTION TO DISMISS APPEAL.

This proceeding is the result of a controversy over a ferry
privilege across the Big Sandy river, near Pikeville.   The·
question now before the court is upon a motion to dismiss·
the appeal because the transcript of the record was not
filed in ·the clerk's office of this court more than 20 days·
before the second term of the court after the appeal was·
granted in the Pike circuit court.   For appellee, it is in--

sisted that the provisions of the Civil Code of Practice
in relation to the granting of appeals and the filing of
transcripts control; for appellants, it is claimed that
section 1801, Kentucky Statutes, controls in the mat-
ter of appeals from orders concerning ferries.  It reads
as follows:  "An appeal from any order concerning a
ferry or ferry rates, in favor of any one interested, shall
lie to the circuit court of the county, and thence to the
court of appeals, both of which shall have jurisdiction of
law and fact; but the court of appeals of only such facts
as may be certified from the circuit court.  The appeal to
be taken at the time of making the order or during the
term, and prosecuted to the circuit court within three years
from the making of the order, and to the court of appeals
within one year from the making of the order in the cir-
cuit court."  Under this section an appeal will lie to the
circuit court from the county court, and thence to this
court.  The appeal is to be taken at the time of making the
order or during the term, and prosecuted to the circuit
court within three years from the making of the order,
and to this court within one year from the making of the
order in the circuit court.

The statute seems to contemplate that the appeal shall
be taken (evidently meaning that it shall be granted) at
the time the order is made, or during the term at which
it is made.  The section provides that the appeal must be
prosecuted to the circuit court within three years from
the making of the order.  The order referred to in that
clause evidently is the county court order.  The appeal is
to be prosecuted to this court within one year from mak-
ing the order in the circuit court.  Of course, the word
"order" in the latter clause refers to the order made by
the circuit court.  The Legislature, in the use of the lan-

guage, "the appeal to be taken at the time of making the
order or during the term," has no reference to an order
made either in the county or circuit court, and the word
"term" refers to that of either court. When the statute
says, "the appeal to be taken at the time of making the
order or during the term," it means that the appeal shall
be taken from either the county or circuit court order, as
the case may be. The language used does not authorize
the construction that the words "order" and "term" re-
late alone to orders and terms of county courts. The stat-
ute prescribes the time in which appeals shall be prose-
cuted from orders relating to ferries. A fair and reason-
able interpretation is that the transcript shall be filed with
the clerk of this court within one year from the making
of the order in the circuit court.

The motion to dismiss is overruled.